UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DELGADILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO POLICE DEPARTMENT,<br><br>    Defendant. | Case No. 1:25-cv-00642-KES-SKO<br><br>FIRST SCREENING ORDER<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Samuel Delgadillo, proceeding pro se and *in forma pauperis*, filed a civil rights complaint on May 29, 2025. (Doc. 1.) Upon reviewing the complaint, the undersigned concludes that it fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. He may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the undersigned will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the undersigned will recommend that the case be dismissed.

### I.    SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted his complaint using the general complaint form provided by this Court. The complaint names "Fresno Police Department" as the defendant. (Doc. 1 at 2.) Plaintiff states

1  that subject matter jurisdiction is based on federal question. (*Id*. at 3.) In the section in which
2  Plaintiff is asked to indicate which of his federal constitutional or federal statutory rights have been
3  violated, Plaintiff writes "Section 1983 (42 U.S.C. § 1983)" and "Article I, Section 13." (*Id*. at 4.)

4        The statement of claim section of the complaint states: "The defendant seized the Plaintiff's
5  antique firearm, violating the Plaintiff's rights to bear arms in the residence. This took place on 5-
6  30-2024 @ 1726 W. Yale Ave., Fresno, CA 93705." (*Id*. at 5.) Regarding the relief sought,
7  Plaintiff writes, "After the defendant's action, the Plaintiffs could no longer defend the household
8  from an assault. The following day the Plaintiff was threatened, the Plaintiff called the defendant
9  for help and was not assisted." (*Id*. at 6.)

### III. DISCUSSION

11        For the reasons discussed below, the Court finds that the complaint does not state any
12  cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his
13  claims and will be granted an opportunity to file an amended complaint to correct the identified
14  deficiencies.

**A.    Section 1983**

16        Title 42 U.S.C. § 1983 ("Section 1983") provides a cause of action for the violation of
17  Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre*
18  *v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178,
19  1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not
20  itself a source of substantive rights but merely provides a method for vindicating federal rights
21  elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th
22  Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)) (internal quotation marks
23  omitted). It "creates a cause of action based on personal liability and predicated upon fault; thus,
24  liability does not attach unless the individual defendant caused or participated in a constitutional
25  deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996); *see Taylor v. List*, 880 F.2d 1040,
26  1045 (9th Cir. 1989) ("Liability under [S]ection 1983 arises only upon a showing of personal
27  participation by the defendant.").

28        To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted

3

1  under color of state law, and (2) deprived them of rights secured by the Constitution or federal law.
2  *Long*, 442 F.3d at 1185; *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012)
3  (discussing "under color of state law").  A person deprives another of a constitutional right, "within
4  the meaning of [Section] 1983, 'if he does an affirmative act, participates in another's affirmative
5  act, or omits to perform an act which he is legally required to do that causes the deprivation of
6  which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183
7  (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  "

8   A Section 1983 plaintiff's allegations must demonstrate that each individual defendant
9  personally participated in the deprivation of their rights. *Jones*, 297 F.3d at 934.  This requires the
10 presentation of factual allegations sufficient to state a plausible claim for relief.  Persons proceeding
11 pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their
12 favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  But the sheer
13 possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability
14 falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*,
15 572 F.3d 962, 969 (9th Cir. 2009).

16  As set forth below, although referenced in his complaint (Doc. 1 at 4), Plaintiff has not
17 pleaded a cognizable claim under Section 1983.

18   1. <u>Fresno Police Department is Not a Proper Defendant</u>

19  Plaintiff names as the defendant the Fresno Police Department, as indicated above.  To the
20 extent Plaintiff is attempting to pursue a civil rights claim against the Fresno Police Department,
21 he may not do so.  Local governmental units, such as counties or municipalities, are considered
22 "persons" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S.
23 58, 70, (1989).  However, municipal departments and sub-units, including police departments, are
24 generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*,
25 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and
26 bureaus are generally not considered "persons" within the meaning of Section 1983); *see also*
27 *Pellum v. Fresno Police Dep't*, No. 1:10–cv–01258–OWW–SKO, 2011 WL 350155, at *2 (E.D.
28 Cal. Feb. 2, 2011) ("The Fresno Police Department is not a proper defendant under Section 1983").

The Fresno Police Department is not a proper defendant because it is a subdivision of the municipality.

### 2. "Right to Bear Arms" (Second Amendment)

The Second Amendment protects an individual's right to keep and bear arms for the purpose of self defense. *McDonald v. City of Chicago*, 561 U.S. 742, 749-50 (2010). But that right is not unlimited. For example, the Second Amendment permits "prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008). Moreover, "[t]he text of the Second Amendment protects a person's 'right to bear arms,' generally; it does not guarantee the right to possess any one gun or any particular set of guns." *Turner v. Cnty. of Washoe*, No. 3:23-CV-00407-ART-CSD, 2024 WL 3859311, at *9 (D. Nev. Aug. 19, 2024) (collecting cases).

Plaintiff seems to assert that Fresno Police Department officer(s) violated his Second Amendment rights by seizing an "antique firearm." (Doc. 1 at 5.) No other circumstances of the alleged seizure are pleaded. "The mere occurrence of a . . .seizure . . ., however, is not enough to establish a Second Amendment violation." *Partin v. Gevatoski*, No. 6:19-CV-1948-AA, 2020 WL 4587386, at *4 (D. Or. Aug. 10, 2020). Thus, Plaintiff would need to allege facts—beyond whatever seizure may have occurred—that implicate his Second Amendment rights.

### 3. Unreasonable Seizure (Fourth Amendment)

Plaintiff appears to assert that Fresno Police Department officer(s) unlawfully seized a firearm from his residence and thus may be attempting to raise a Fourth Amendment claim. (Doc. 1 at 5.) The Fourth Amendment protects individuals against "unreasonable searches and seizures" by the government. *Terry v. Ohio*, 392 U.S. 1, 8-9 (1968). "The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991); *see Birchfield v. North Dakota*, 136 S. Ct. 2160, 2186 (2016).

Removing personal property is a seizure within the meaning of the Fourth Amendment.

*See, e.g., Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). And "a "seizure carried out on a suspect's premises without a warrant is per se unreasonable, unless . . . it falls within one of a carefully defined set of exceptions based on the presence of 'exigent circumstances.'" *United States v. Device More or Less Labeled Theramatic,* 641 F.2d 1289, 1292 (9th Cir. 1981) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 474–75 (1971)). Plaintiff's complaint, however, currently does not contain enough facts to plausibly allege that such seizure of his firearm was unreasonable. For instance, there is no allegation whether the deputies had a warrant to search the residence or seize any property therein, whether Plaintiff's firearm was later returned to him, or any other surrounding circumstances relevant to assessing the nature of the alleged seizure.

### 4. State Actors Not Liable for Omissions

Plaintiff alleges that, "After the defendant's action, the Plaintiffs could no longer defend the household from an assault. The following day the Plaintiff was threatened, the Plaintiff called the defendant for help and was not assisted." (Doc. 1 at 6.) Generally, state actors are generally "not liable for . . . omissions" under Section 1983. *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000). As such, individuals generally do not have a constitutional "right to governmental aid even when such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989).

This rule, however, is not without exception: a state actor can be liable for an omission where they affirmatively places plaintiff in danger by acting with "deliberate indifference" to a "known or obvious danger" (the "danger creation exception"). *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) (citations omitted). Deliberate indifference is a stringent standard of fault, requiring proof of "1) an unusually serious risk of harm, 2) defendant's actual knowledge of (or, at least, willful blindness to) that elevated risk, and 3) defendant's failure to take obvious steps to address that known, serious risk." *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996). As currently pleaded, Plaintiff's complaint does not allege facts showing that Fresno Police Department officer(s) affirmatively placed Plaintiff in danger by being deliberately indifferent to a known danger, *i.e.*, the alleged "threat" of "assault" to his "household." (Doc. 1 at 6.)

### 5. Ongoing State Criminal Proceedings

Finally, to the extent the alleged seizure of Plaintiff's firearm is the subject of any ongoing criminal proceedings in state court, it is well-established that this Court is barred from directly interfering with them, absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 46 (1971); *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a Section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."). Here, Plaintiff has not alleged any extraordinary circumstances. *Younger*, 401 U.S. at 48–50. Moreover, any constitutional claims may be raised in ongoing criminal proceedings in state court. *Lebbos v. Judges of the Sup. Ct.*, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").

**B.  Article I, Section 13 (California Constitutional Claim)**

Plaintiff's complaint references "Article I, Section 13" (Doc. 1 at 4), which presumably refers to a provision of the California Constitution. Article I, Section 13 of the California Constitution contains the state analogue to the Fourth Amendment. *See White v. City of Laguna Beach*, 679 F. Supp. 2d 1143, 1159 (C.D. Cal. 2010). Unlike the Fourth Amendment, however, it is not clearly established by either California or Ninth Circuit precedent whether Article I, Section 13 confers a private right of action for damages, and many district courts within the Ninth Circuit are split on this issue. *See Rios v. County of Sacramento*, 562 F. Supp. 3d 999, 1021 (E.D. Cal. 2021) (discussing split). This Court, however, has held that Article I, Section 13 of the California Constitution does not confer a private right for damages. *See, e.g.*, *Est. of F.R. v. Cnty. of Yuba*, No. 2:23-cv-00846-WBS-CKD, 2023 WL 6130049, at *6–7 (E.D. Cal. Sept. 19, 2023); *Leon v. City Of Merced*, No. 1:14-cv-01129-GEB, 2015 WL 135904, at *4 (E.D. Cal. Jan. 9, 2015); *Lopez v. Youngblood*, 609 F. Supp. 2d 1125, 1142 (E.D. Cal. 2009); *Brown v. Cnty. of Kern*, No. 1:06-cv-00121-OWW-TAG, 2008 WL 544565, at *17 (E.D. Cal. Feb. 26, 2008). Plaintiff therefore fails to

state a cognizable claim based on Article I, Section 13 of the California Constitution.[1]

**C.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so he can provide additional factual allegations against defendants who are amenable to suit. *Lopez*, 203 F.3d at 1130.

Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones*, 297 F.3d at 934.

Plaintiff is further advised that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint as

---

[1] Even if a private right of action under Article I, Section 13 were found, Plaintiff's complaint does not adequately plead it because, as with his purported Fourth Amendment claim, there are no facts directed to the unreasonableness of the seizure. Moreover, if Plaintiff fails to state a cognizable federal cause of action, the Court will decline to exercise supplemental jurisdiction over his California Constitutional claim. *Flores v. Soto*, No. 1:14–cv–01899-SKO (PC), 2015 WL 6555096, at *5 (E.D. Cal. Oct. 28, 2015) ("[U]ntil and unless Plaintiff states a cognizable claim under federal law, the Court will not exercise supplemental jurisdiction over his state law claims.") (citing 28 U.S.C. § 1367(a)); *Herman Fam. Revocable Tr. v. Teddy* Bear, 254 F.3d 802, 805 (9th Cir. 2001)); *see also* 28 U.S.C. § 1367(c)(3) (the Court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction"); *Acri v. Varian Assoc., Inc*., 114 F.3d 999, 1001 (9th Cir. 1997) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

described above, which will be screened in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the undersigned issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal.

### IV.    ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a. File a First Amended Complaint;

    b. Notify the Court in writing that he wants to stand on the current complaint; or

    c. File a notice of voluntary dismissal.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:25-cv-00642-KES-SKO.

3. **Failure to comply with this order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **June 2, 2025**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE