UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DELGADILLO,<br><br>                Plaintiff,<br><br>        v.<br><br>FRESNO POLICE DEPARTMENT,<br><br>                Defendant. | Case No.  1:25-cv-00642-KES-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. 6 |

Plaintiff Samuel Delgadillo proceeds pro se and in forma pauperis in this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 2, 2025, the assigned magistrate judge screened plaintiff's complaint and found it failed to state any cognizable claims.  Doc. 4.  Plaintiff was afforded thirty (30) days to file an amended complaint or state that he wished to stand on his initial complaint.  *Id.* at 9.  Plaintiff was also warned that "[f]ailure to comply with this order may result in the dismissal of this action."  *Id.*  Plaintiff did not respond to the screening order.  On July 10, 2025, the magistrate judge issued an order for plaintiff to show cause within twenty-one (21) days why the action should not be dismissed for his failure to comply with the screening order and failure to prosecute this case.  Doc. 5.  Plaintiff was warned that failure to comply with that order would result in a

1

recommendation that this action be dismissed. *Id*. at 2. Plaintiff did not file any response to the order to show cause nor has otherwise since communicated with the Court.

On August 5, 2025, the magistrate judge issued findings and recommendation recommending that this case be dismissed due to plaintiff's failure to comply with court orders and failure to prosecute. Doc. 6. The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days of service. *Id.* at 2. Plaintiff has not filed any objections and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the matter, the Court finds the findings and recommendations to be supported by the record. In determining whether to dismiss an action as a sanction, courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the public's interest in expeditiously resolving this litigation and the Court's need to manage its docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent authority to manage their dockets without being subject to noncompliant litigants). As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Finally, there is little else available to the Court that would constitute a satisfactory lesser sanction given the plaintiff's apparent refusal to respond

to court orders. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action."). Moreover, plaintiff was already warned that his failure to comply with the screening order and order to show cause would result in the dismissal of this action. *Ferdik*, 963 F.2d at 1262 (district court's warning to a party that his failure to obey will result in dismissal satisfies the "consideration of alternatives" requirement).

Accordingly:

1. The findings and recommendations issued on August 5, 2025, Doc. 6, are ADOPTED;

2. This action is DISMISSED for failure to prosecute and failure to obey court orders; and

3. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   September 15, 2025

_____
UNITED STATES DISTRICT JUDGE

3